# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 27, 2012

Lyle W. Cayce
Clerk

No. 11-51164
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR GONZALEZ-ROSALES,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:11-CR-191-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Victor Gonzalez-Rosales appeals the sentence imposed following his guilty-plea conviction of knowingly bringing an illegal alien into the United States, at

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a place other than a designated port of entry, for commercial advantage or private financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(i) and 18 U.S.C. § 2. Gonzalez-Rosales contends that the district court reversibly erred when it enhanced his offense level under U.S.S.G. § 2L1.1(b)(6) for transporting aliens in a way that created a substantial risk of death or serious bodily injury.

We review the district court's application of the sentencing guidelines *de novo* and its findings of fact for clear error. *United States v. Cuyler*, 298 F.3d 387, 389 (5th Cir. 2002). The question whether conduct creates a substantial risk of death or serious bodily injury is a legal question that is reviewed *de novo*. *United States v. Solis-Garcia*, 420 F.3d 511, 514 (5th Cir. 2005). The factual findings underlying the legal determination of endangerment are not clearly erroneous "if the district court's finding is plausible in light of the record as a whole." *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008) (internal quotation marks and citation omitted). "[A] district court is permitted to draw reasonable inferences from the facts, and these inferences are fact-findings reviewed for clear error as well." *United States v. De Jesus-Ojeda*, 515 F.3d 434, 442 (5th Cir. 2008) (internal quotation marks and citation omitted).

The district court found that seven people were riding in a five-passenger GMC Yukon. In addition to the driver and front seat passenger, four aliens—none with a seatbelt—were in the back seat. One was lying in the cargo area with an unsecured metal-rimmed tire and tire tool. The court determined that in the event of an accident, passengers not wearing their seatbelts would not have been as safe as those wearing them and that the person lying in the cargo area with the unsecured tire and tool would have been in an even more precarious position. Specifically, the court found that the unsecured, full-sized, metal-rimmed tire was an aggravating factor that created a substantial risk of death or serious bodily injury, because it could have limited the aliens' ability to exit the vehicle quickly. Further, if an accident had occurred, the tire and tool could have become dangerous projectiles or could have landed on top of the aliens.

2

No. 11-51164

The district court's factual findings are plausible in light of the record as a whole and thus are not clearly erroneous. *See United States v. Mata*, 624 F.3d 170, 175 (5th Cir. 2010). Therefore, the district court did not err when it enhanced Gonzalez-Rosales's offense level under § 2L1.1(b)(6). *See Mata*, 624 F.3d at 173-75; *Cuyler*, 298 F.3d at 390-91.

AFFIRMED.